UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHEILA COFFIN HARSHMAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 24-13061-BEM |
| JOSHUA MANIER, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

**MURPHY, J.**

Plaintiff Sheila Coffin Harshman has moved for a temporary restraining order. Dkt. 21 ("Mot."). For the reasons stated herein, the motion is DENIED. The Court further orders Harshman to SHOW CAUSE for why this action should not be dismissed for lack of jurisdiction, as explained further below.

**I.    Background**

In her verified amended complaint, Harshman alleges that she has lost or will soon lose control over certain properties due to unlawful and/or deceitful acts allegedly committed by the various Defendants, effected through fraud and/or error in underlying bankruptcy and foreclosure proceedings. *See generally* Dkt. 23; Mot. at 1–2 (stating that "the underlying Bankruptcy proceeding lacks standing and jurisdiction" and that the "eviction or enforcement actions" are "based on a jurisdictionally defective bankruptcy and void contracts").

In her motion for temporary relief, Harshman asks the Court to "[s]tay all state eviction proceedings" related to four properties at issue in the lawsuit. Mot. at 1. Three of those properties[1] were sold through bankruptcy proceedings—appeal from which is currently being heard by another session of this court. Appellant's Initial Appeal Brief at 3, *In Re Snowshoe Millworks LLC et al*, Civ. No. 24-12894, Dkt. 10 (D. Mass. Jan. 8, 2025); *In Re Snowshoe Millworks LLC*, Bankr. No. 23-10887, Dkts. 138, 146, 182, 192 (Bankr. D. Mass.) (bankruptcy orders authorizing sales and related trustee reports). The fourth property[2] was auctioned pursuant to foreclosure.[3] Dkt. 23-5 (newspaper notice of the foreclosure sale); Dkt. 23-6 (post-sale notice to quit and vacate premises).

## II.  Discussion

Jurisdictional issues preclude much of the relief Harshman seeks, both in the instant motion and in the case generally.

### A.  Temporary Restraining Order

The Court lacks jurisdiction to enter the relief sought. With limited exceptions not relevant here, federal courts lack jurisdiction to enjoin state-court proceedings.[4] *See Rovito v. N. Andover Avalon, Inc.*, 2023 WL 6610756, at *1 (D. Mass. Oct. 10, 2023) (finding that the Anti-Injunction

---

[1] 1 and 2 Windsor Road, Siasconset, Nantucket, Massachusetts; and 62 Pine Avenue, Hyannis, Massachusetts. Mot. at 1.

[2] 34 Exeter Street, Nantucket, Massachusetts. Mot. at 1.

[3] The amended complaint also references two additional properties in Maine, which Harshman alleges were "liquidated under duress." Dkt. 23 at 4, 12.

[4] The exceptions are where an injunction is "expressly authorized by Act of Congress," "necessary in aid of [the court's] jurisdiction," or "to protect or effectuate [the court's] judgments." 28 U.S.C. § 2283; *see also Garcia v. Bauza-Salas*, 862 F.2d 905, 909–10 (1st Cir. 1988) (explaining the three exceptions).

Act, 28 U.S.C. § 2283, precluded stay of state-court eviction proceedings, notwithstanding allegations of due-process violations in housing court). Accordingly, the motion is DENIED.[5]

### B. Show Cause

Moreover, the intertwined nature of this action with state-court and bankruptcy proceedings (and the pending appeal of those proceedings) calls into question this Court's jurisdiction more generally. *See Morales Feliciano v. Rullan*, 303 F.3d 1, 6 (1st Cir. 2002) ("[F]ederal courts are courts of limited jurisdiction, and thus must take pains to act only within the margins of that jurisdiction." (quoting *Cumberland Farms, Inc. v. Me. Tax Assessor*, 116 F.3d 943, 945 (1st Cir. 1997))).

District courts may review bankruptcy court decisions only by direct appeal. *See In re High Voltage Eng'g Corp.*, 379 B.R. 399, 402 (D. Mass. 2007) ("The rules are designed to carefully hand off jurisdiction from one court to another to avoid the situation where multiple courts simultaneously rule on identical issues."), *aff'd*, 544 F.3d 315, 318 (1st Cir. 2008) (confirming that appeal from decision of a bankruptcy court "must be filed within the four corners of the case in which that order or judgment was entered"). Thus, any claims predicated on challenging the underlying bankruptcy proceedings are precluded.

Likewise, district courts lack jurisdiction to review state-court judgments. *Sheehan v. Marr*, 207 F.3d 35, 39–40 (1st Cir. 2000); *see also Green v. City of Bos.*, 966 F. Supp. 117, 119 (D. Mass. 1997) ("This Court does not have jurisdiction to review findings of fact made by the Housing Court."), *aff'd*, 132 F.3d 30 (1st Cir. 1997). Thus, claims contradicting any state-court judgment, including any decision of the housing court, are precluded.

---

[5] The Court notes that similar motions have twice been denied in the bankruptcy appeal. *See In Re Snowshoe Millworks LLC et al*, Civ. No. 24-12894, Dkts. 22, 35.

This appears to settle most, if not all, of Harshman's claims.[6]  *See* Dkt. 23 at 8 ("This case centers on the Defendants' . . . seiz[ure of] Plaintiff's real estate through foreclosure, eviction, and bankruptcy proceedings.").  Specifically, it appears that any claim related to the Stage Point loan,[7] the Windsor Road properties, and the Pine Avenue property is precluded by prior decision of the bankruptcy court.  *See In Re Snowshoe Millworks LLC*, Bankr. No. 23-10887, Dkts. 138, 146, 182, 192, 222.  Assuming that the "unenforceable contract[]" on which Harshman predicates her claims related to the Maine properties is the same Stage Point loan, it would appear that those claims are likewise precluded.  *See* Dkt. 23 at 18–19.  The record is unclear exactly what process has applied to the Exeter Street property; however, Harshman's complaint refers to "[e]viction proceedings" that potentially have preclusive effect.  *See id.* at 4.

Accordingly, Harshman is ordered to SHOW CAUSE by May 2, 2025, for why any claim alleged in this action should not be dismissed as precluded by the prior decision of a bankruptcy or state court.  In response, Harshman must disclose the relevant docket numbers, or other identifying information, for any relevant legal action, whether prior or ongoing.[8]  Failure to adequately address the Court's concerns will result in dismissal.

---

[6] The Court construes *pro se* filings liberally.  *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014).  However, the Court notes that both the original complaint, Dkt. 1, and amended complaint, Dkt. 23, lack substantial clarity and consist primarily of legal conclusions.  *See, e.g.*, Dkt. 23 at 18–19 (stating that Harshman was "fraudulently induced to sell" her Maine property "in a desperate effort to stave off imminent foreclosure orchestrated through unenforceable contracts and coordinated threats" (emphases removed)); *see also Koplow v. Watson*, 751 F. Supp. 2d 317, 320–21 (D. Mass. 2010) (finding dismissal appropriate where pro se plaintiff failed to make allegations that were "simple, concise, and direct" (quoting Fed. R. Civ. P. 8(d)(1))).

[7] *See In Re Snowshoe Millworks LLC*, Bankr. No. 23-10887, Dkts. 318–23 (denying various motions related to the loan).

[8] Harshman likely should have already provided this information, given the sworn statement in her amended complaint.  *See* Dkt. 23 at 41.

### III. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion for a temporary restraining order is DENIED. Plaintiff is further ordered to SHOW CAUSE for why this action should not be dismissed, per the above.

**So Ordered.**

Dated:  April 16, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court